UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE AMILCAR BENITEZ CASTRO,<br><br>               Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>               Respondents. | Civil Action No. 25-17598 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Jose Amilcar Benitez Castro's ("Petitioner") counseled Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention. (Habeas Pet., ECF No. 1.) Petitioner also moved for an Order to Show Cause ("OTSC") (OTSC Mot., ECF No. 2) and for a Temporary Restraining Order ("TRO") (TRO Mot., ECF No. 3).

Petitioner alleges he has lived in the United States since April 2004. (Pet. 2.[1]) Petitioner is a citizen of Honduras. (*Id.*) On October 16, 2025, Respondents initiated removal proceedings against Petitioner as a noncitizen "present in the United States who has not been admitted or paroled." (*Id.* at 33.) Petitioner was detained the same day. (*Id.* at 9.) Petitioner alleges he is being unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A), and is entitled release on bond under 8 U.S.C. § 1226(a). (*Id.* at 23.)

---

[1] The paragraph numbers in the Habeas Petition are, at times, not sequential. (*See* Habeas Pet. 9-10.) Accordingly, the Court refers to the Habeas Petition by ECF page number.

Petitioner paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing § 2254 Cases,[2] applied to this case through Habeas Rule 1(b), this Court has screened the Petition for dismissal and determined that dismissal without an answer on the record is not warranted.

As noted above, Petitioner seeks a TRO to enjoin Respondents from transferring Petitioner to another detention facility. (*See* TRO Mot.) The Court may only issue a TRO without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney *certifies in writing any efforts made to give notice and the reasons why it should not be required.*

Fed. R. Civ. P. 65(b)(1) (emphasis added). Here, Petitioner's motion for a TRO does not include any certification or explanation as to whether efforts were made to notify Respondents regarding the request for a TRO. Nor does Petitioner explain why the Court should not require notice to the Government. As such, the Court denied Petitioner's motion for a TRO.

Although the Court denies Petitioner's motion for a TRO based on his failure to comply with Rule 65(b)(1), pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651,[3] Petitioner shall not be transferred from his current facility in New Jersey during the pendency of this habeas corpus proceeding.

Petitioner also filed an OTSC, relying on 28 U.S.C. § 2243. (*See* OTSC Mot.) Under § 2243, a habeas writ or order to show cause "shall be returned within three days unless for good

---

[2] All references to "Habeas Rule" or "Habeas Rules" hereinafter refer to the Rules Governing § 2254 Cases.

[3] Under 28 U.S.C. § 1651(a), "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found Habeas Rule 4 provides the Court with more flexible time limits for ordering an answer and supersedes 28 U.S.C. § 2243's time limits to the extent there is a conflict.[4] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an Order to Show Cause under § 2243, and directs Respondents to answer the Petition pursuant to its authority under the Habeas Rules.[5]

Accordingly

**IT IS**, on this 18th day of November 2025,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondents are **TEMPORARILY ENJOINED** from transferring Petitioner from his

---

[4] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

[5] Because Habeas Rule 4's flexible time limits apply, "the Court is not obligated to issue a show-cause order . . . ; indeed, the common practice for courts in this District is to order respondents to answer within 45 days." *Iremashvili*, 2017 WL 935441, at *4.

3

current detention facility in New Jersey during the pendency of this action; this Order shall remain in effect pending further Order of the Court; and it is further

**ORDERED** the request for an OTSC (ECF No. 2) is **DENIED without prejudice** in light of the Court's Order directing Respondents to answer the Petition under the Habeas Rules; and it is further

**ORDERED** that Petitioner Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED without prejudice**; and it is further

**ORDERED** that within fourteen (14) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filing; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge